Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LALA SLOATMAN, individually, and on behalf of all others similarly situated, | Case No. 2:20-cv-11193 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| THE LEGAL LEADS, INC.; EXPRESS MARKETING SOLUTION, INC.;  LAW OFFICES OF JOSEPH S. NOURMAND – NOURMAND LEGAL; and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Defendants. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
|  | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
|  | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
|  | 5. CALIFORNIA PENAL CODE § 632.7 [CLASS CLAIM] |
|  | **DEMAND FOR JURY TRIAL** |

Plaintiff LALA SLOATMAN ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of THE LEGAL LEADS, INC.; LAW OFFICES OF JOSEPH S. NOURMAND – NOURMAND LEGAL ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

2.     Defendants also illegally recorded Plaintiff without knowledge or consent, in violation of the California Invasion of Privacy Act ("CIPA") Cal. Penal Code §§ 632 *et. seq*.  California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

3.     Jurisdiction is proper under 28 U.S. Code § 1331, as Plaintiff brings this case pursuant to the Telephone Consumer Protection Act, a federal law.

---

CLASS ACTION COMPLAINT

4. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendants do business in and are principally located business within the State of California and all parties resides within the County of Los Angeles.

## **PARTIES**

5. Plaintiff, LALA SLOATMAN ("Plaintiff"), is a natural person residing in Studio City, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant THE LEGAL LEADS, INC.; ("Legal Leads") is an attorney lead generation company for law firms which provides client referrals in exchange for a fee, and is a Los Angeles corporation, and a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Defendant EXPRESS MARKETING SOLUTIONS, INC.; ("Express Marketing") is a lead generation company which provides client referrals in exchange for a fee, and is a Los Angeles corporation, and a "person" as defined by *47 U.S.C. § 153 (39)*.

8. Defendant LAW OFFICES OF JOSEPH S. NOURMAND – NOURMAND LEGAL; ("Nourmand") is an legal services law firm based in Los Angeles, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and

every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.     Beginning in or around November 2020, Defendants contacted Plaintiff on Plaintiff's cellular telephone number ending in -7696, in an attempt to solicit Plaintiff to enlist Defendants' services.  Specifically, Defendant Legal Leads cold-called Plaintiff multiple times in order to solicit her to act as a plaintiff in ongoing litigation relating to widescale class actions on behalf of consumers of Zantac and Talc Powder for these products allegedly causing cancer.  Plaintiff was harassed by Legal Leads, which was hired to do so on behalf of law firms, to request that she initiate litigation against companies.

12.     Nourmand, and its principle Joseph S. Nourmand, hired Legal Leads to generate clients for his law firm, for the purpose of then referring those clients to high profile consumer law firm Morgan & Morgan, for a considerable referral fee.  Nourmand also instructed Legal Leads as to what types of clients to target, and provided Legal Leads with a retainer agreement bearing Morgan & Morgan's name and other pertinent details.  The express purpose was for signing up clients on his behalf.  This conduct was engaged in at the direction of Nourmand, and for the purpose of obtaining leads in mass tort cases, to be monetized through a referral arrangement at a considerable markup.

13.     Nourmand instructed Legal Leads to use the Morgan & Morgan firm name during its discussions with consumers because it gave credibility to the operation and was a name that consumers may have heard before due to Morgan & Morgan's widescale advertising campaigns.  Nourmand also instructed Legal Leads as to what criteria to screen, for purposes of enlisting clients, including

approving the script topics.

14.    Legal Leads carried out its solicitation call campaigns at the direction of Nourmand and for Nourmand's benefit.

15.    Legal Leads recorded its calls with consumers, including with Plaintiff, but did not advise consumers that it was doing so at the outset of the calls, in violation of consumer privacy rights as set forth under CIPA.

16.    Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

17.    Defendants contacted or attempted to contact Plaintiff from telephone number (424) 383-9869 confirmed to be Defendants' number.

18.    Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19.    Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

20.    During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

21.    Further, Plaintiff's cellular telephone number ending in -7696 was added to the National Do-Not-Call Registry on or about December 3, 2019.

22.    Defendant placed multiple calls soliciting its business to Plaintiff on her cellular telephone ending in -9869 in or around November 2020.

23.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

24.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

25.    Defendant continued to call Plaintiff in an attempt to solicit its

services and in violation of the National Do-Not-Call provisions of the TCPA.

26.   Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

27.   Defendants made a recording of the calls with Plaintiff, failing to disclose to Plaintiff that the call was being recorded.

28.   At no time did Plaintiff ever provide actual or constructive consent to Defendants to record the telephone call.

29.   At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant, that were initiated by Plaintiff to Defendant, were being recorded especially because such private and sensitive subjects, including but not limited to Plaintiff's alleged debt, were discussed.

30.   It is Defendants' pattern and practice to record incoming and outgoing calls made to by California residents.  The calls are about individuals' personal health, including medical information and confidential personal identifying information, as well as containing highly confidential attorney-client consultation information.  Defendants do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was unaware that the phone calls between herself and Defendant in California were recorded. The Defendant's representatives never informed Plaintiff that the call was being recorded.

31.   Plaintiff did not learn that Defendants recorded the phone call between Plaintiff and Defendants until after the event occurred.

## CLASS ALLEGATIONS

32.   Plaintiff brings this action individually and on behalf of all others

similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

33.     The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

34.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

35.     The class concerning the CIPA violations ("CIPA class") is defined as follows:

> All persons in California whose telephone conversations with their cellular telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action

36.     Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls

from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

37.    Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

38.    Plaintiff represents, and is a member of, The CIPA Class, consisting of all persons within California whose cellular telephone calls were recorded without knowledge or consent, within one year prior to the filing of the complaint.

39.    Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

40.    The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

41.    Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for

which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

42.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

43.     As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

44.     Plaintiff and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone

numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class members were damaged thereby.

45.     Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b.     Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.     Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

46.     As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Class.

47.     Plaintiff and members of The CIPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded its calls with

Plaintiff and CIPA Class members on their cellular phones, thereby invading the privacy of said Plaintiff and the CIPA Class members.  Plaintiff and the CIPA Class members were damaged thereby.

48.    Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class.  These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any CIPA Class members, include, but are not limited to, the following:

      a.    Whether Defendants have a policy of recording calls;

      b.    Whether Defendants have a policy of recording calls initiated by a cellular telephone;

      c.    Whether Defendants disclose to callers and/or obtains their consent that their telephone conversations were being recorded;

      d.    Whether Defendants' policy of recording calls from cellular telephones constituted a violation of California Penal Code §§632.7; and 637;

      e.    Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

      f.    Whether Defendants should be enjoined from engaging in such conduct in the future.

49.    As a person whose telephone communications to Defendants were recorded without notice or consent, Plaintiff is asserting claims that are typical of the CIPA Class because every other member of the CIPA Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

50.    Plaintiff is asserting claims that are typical of the CIPA Class because every other member of the CIPA Class, like Plaintiff, were exposed to virtually

identical conduct and are entitled to statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a).

51.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

52.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

53.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

54.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

### On Behalf of the ATDS Class

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

57.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

58.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

61.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff  and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

62.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

1  ///

2  ///

3  ///

4  ///

5  ### THIRD CAUSE OF ACTION

6  **Negligent Violations of the Telephone Consumer Protection Act**

7  **47 U.S.C. §227(c)**

8  **On Behalf of the DNC Class**

9    63.    Plaintiff incorporates by reference all of the above paragraphs of this

10 Complaint as though fully stated herein.

11   64.    The foregoing acts and omissions of Defendant constitute numerous

12 and multiple negligent violations of the TCPA, including but not limited to each

13 and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular

14 *47 U.S.C. § 227 (c)(5)*.

15   65.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*,

16 Plaintiff and the DNC Class Members are entitled an award of $500.00  in statutory

17 damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

18   66.    Plaintiff and the DNC Class members are also entitled to and seek

19 injunctive relief prohibiting such conduct in the future.

20 ### FOURTH CAUSE OF ACTION

21 **Knowing and/or Willful Violations of the Telephone Consumer Protection**

22 **Act**

23 **47 U.S.C. §227 et seq.**

24 **On Behalf of the DNC Class**

25   67.    Plaintiff incorporates by reference all of the above paragraphs of this

26 Complaint as though fully stated herein.

27   68.    The foregoing acts and omissions of Defendant constitute numerous

28 and multiple knowing and/or willful violations of the TCPA, including but not

---

CLASS ACTION COMPLAINT

limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

69.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

70.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

### [BY PLAINTIFF AND THE CIPA CLASS MEMBERS AGAINST ALL DEFENDANTS]

71.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.    California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

73.    Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

74.    As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

75.     Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every telephone conversation over said telephone lines.

76.     Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

77.     Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

78.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

78.     That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

79.     As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

80.     As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*

81.     As a result of Defendants' negligent violations of *47 U.S.C.*

*§227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*

82.    As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5).*

83.    For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The CIPA Class;

84.    For injunctive relief as set forth under the TCPA

85.    That the Court preliminarily and permanently enjoin Defendant from recording each and every telephone conversation with California residents, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

86.    For exemplary or punitive damages;

87.    For costs of suit;

88.    For prejudgment interest at the legal rate; and

89.    For such further relief as this Court deems necessary, just, and proper.

///
///

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 10th Day of December, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff